## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Olegario B.,                                     No. 26-cv-531 (KMM/JFD)

      Petitioner,

                                   **ORDER**

v.

Pam Bondi, et al.,

      Respondents.

This matter is before the Court on Petitioner Olegario B.'s Petition for a Writ of Habeas Corpus. [Dkt. 1.] For the reasons below, the Court grants the habeas petition.

### Background

Olegario B. is a citizen of Mexico. [*Id.* ¶ 13.] He entered the United States in April 2022 and has lived here since then. [*Id.* ¶ 14.] Petitioner has no criminal history, except for minor traffic violations, and is not subject to a final removal order. [*Id.* ¶ 16; *see id.* ¶ 36.] On January 20, 2026, Olegario B. was arrested in the District of Minnesota by immigration officials acting as part of Operation Metro Surge. [*Id.* ¶¶ 17–18.] There is no evidence that he was the subject of a judicial or administrative warrant, and he has not been afforded a bond hearing. [*See id.* at 11.] Respondents' position is that Olegario B. is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and they point to no other statutory or legal basis for his detention. [Dkt. 5 at 1–2.]

### Analysis

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have addressed the issue, and by many courts in this district. Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. Respondents also point out that the underlying legal issue is pending before the Eighth Circuit and that they wish to preserve their position for appeal.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Olegario B. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. Respondents appear to argue that § 1226(a) and its bond hearing are alternatively applicable in this case. [Dkt. 6 at 11.] But, as U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.*'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous

release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same).

The Court agrees with the reasoning of these cases. Despite the Court seeking a specific response on this issue in the Order to Show Cause [Dkt. 3 ¶ 2e], Respondents point to neither a warrant supporting the applicability of § 1226(a) to Olegario B., nor any other statutory basis for a bond hearing, so immediate release is required.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Olegario B.'s Petition for a Writ of Habeas Corpus [Dkt. 1] is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Olegario B. The Court has been informed that Petitioner was transferred out of the District of Minnesota but is being returned to the District, in compliance with the Court's Order to Show Cause [Dkt. 4]. Therefore, the Court assumes that Olegario B. will be promptly released in Minnesota.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Olegario B. has not been returned as previously ordered, Respondents should immediately notify the Court of when he will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 24, 2026                    *s/Katherine M. Menendez*
                                          Katherine M. Menendez
                                          United States District Judge

3